UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CUEVAS, | Case No. 1:25-cv-00681-JLT-CDB |
| Plaintiff, | ORDER DENYING PARTIES' STIPULATED REQUEST TO AMEND THE SCHEDULING ORDER |
| v. | |
| HUB GROUP DEDICATED, LLC, | (Doc. 16) |
| Defendant. | |

Plaintiff Cesar Cuevas initiated this action with the filing of a complaint in state court on April 30, 2025. (Doc. 1-2). Defendant Hub Group Dedicated, LLC, removed the action to this Court on June 4, 2025. (Doc. 1). On September 4, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 8).

Pending before the Court is the parties' joint stipulated request to amend the scheduling order, filed on February 9, 2026. (Doc. 16). The parties represent that they have "worked diligently to litigate this case," Defendant "engaged in informal discovery in efforts to reduce fees and expenses," and that the parties have "timely served written discovery and issued subpoenas" and that they "intend to take six depositions" within the next 30 days, with scheduling conflicts arising due to "[m]any of the defense witnesses" being located in Chicago with their schedules impacted by the recent winter storms. *Id.* at 2.

The parties represent that good cause exists to grant the requested extensions. The parties seek to amend the scheduling order as follows (*id.* at 3):

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Non-Expert Discovery | March 4, 2026 | April 20, 2026 |
| Expert Disclosure | March 18, 2026 | April 27, 2026 |
| Rebuttal Disclosures | April 17, 2026 | May 4, 2026 |
| Expert Discovery | May 19, 2026 | June 24, 2026 |
| Non-Dispositive Motion Filing | May 4, 2026 | June 10, 2026 |
| Non-Dispositive Motion Hearing | June 8, 2026 | July 8, 2026 |

**<u>Discussion</u>**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

2

Here, although the parties represent that good cause exists to grant their request, their generalized characterizations are insufficient for the Court to measure the diligence with which the case has been litigated.  For example, the parties represent that they engaged in "informal discovery" to reduce fees and expenses.  The parties made no mention in their joint scheduling report to the Court that they intended to engage in anything except discovery as governed by Rule 26 of the Federal Rules of Civil Procedure, and accordingly, the Court ordered the parties upon scheduling this case to engage in *actual* discovery, noting that the discovery deadlines "are considered to be firm." (Doc. 8 at 8).  The parties never sought leave of Court to engage in any quasi-stay of discovery and the Court is unwilling after-the-fact to endorse the parties' apparently deliberate decision to proceed with discovery without the necessary regard to meet the deadlines imposed.  In a similarly conclusory fashion, the parties represent that they "timely served written discovery" – but no details are offered and the Court is left to speculate as to the general timeline, such as when discovery was propounded, when responses and documents were served, and when the parties first discussed noticing depositions.  If these actions in fact were timely completed, in all likelihood there would not be a need now for any extensions.

The parties separately point to conflicts they have encountered scheduling depositions driven at least in part by "recent winter storms limiting [deponents'] availability."  While it is possible such conflicts may warrant a reasonable extension of discovery deadlines, once again, the parties offer no other details to demonstrate how they are unable to reasonably meet deadlines despite acting diligently – details such as (1) when were deponents first queried about deposition availability, and (2) what specific conflicts of availability render it untenable for identified witnesses to appear at least for a Zoom/remote video-deposition.

The Court's dispositive inquiry in determining whether an extension of case management dates is warranted focusses on the parties' diligence (*Zivkovic*, 302 F.3d at 1087), not the equities of cost-savings and convenience to the parties.  This is why the Court admonished the parties upon scheduling the case that it would not consider stipulated requests to extend deadlines unless supported by attorney declarations that establish good cause – namely, diligence – for granting an extension. (Doc. 8 at 8).  Counsel's declaration here falls short of demonstrating that the parties

3

are unable to reasonably meet a deadline despite acting diligently. *Johnson*, 975 F.2d at 609.

**Conclusion and Order**

Accordingly, the parties' joint stipulated request to amend the scheduling order (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **February 10, 2026**

UNITED STATES MAGISTRATE JUDGE

4