UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CUEVAS, | Case No. 1:25-cv-00681-JLT-CDB |
| Plaintiff, | ORDER ON PARTIES' SECOND STIPULATED REQUEST TO AMEND THE SCHEDULING ORDER <u>AS MODIFIED</u> |
| v. | |
| HUB GROUP DEDICATED, LLC, | |
| Defendant. | (Doc. 19) |

Plaintiff Cesar Cuevas initiated this action with the filing of a complaint in state court on April 30, 2025. (Doc. 1-2). Defendant Hub Group Dedicated, LLC, removed the action to this Court on June 4, 2025. (Doc. 1). On September 4, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 8). On February 9, 2026, the parties filed a joint stipulated request to amend the scheduling order. (Doc. 16). The Court denied the request on February 10, 2026, due to the parties' failure to demonstrate that they were unable to meet a deadline despite acting diligently. (Doc. 17).

Pending before the Court is the parties' second joint stipulated request to amend the scheduling order to reopen discovery, filed on March 24, 2026. (Doc. 19). The parties represent that Plaintiff testified during his deposition on March 2, 2026, that he will begin treatment with a mental health provider on March 4, 2026, and start new employment on March 9, 2026. Relatedly, Plaintiff did not previously disclose records regarding treatment for emotional distress, and there

was no way to obtain such records, as he did not begin therapy until after the close of discovery. The parties also represent that Defendant first learned of Plaintiff's treating physicians from discovery responses served by Plaintiff on February 26, 2026. *Id.* ¶¶ 2-4. According to the parties, because Defendant could not "have made a reasoned decision on experts as Plaintiff's mental health treatment had not yet occurred," Defendant requires additional time to review Plaintiff's therapy records to determine if mental examination is necessary, and Defendant also needs to subpoena compensation records from Plaintiff's new employer in regards to mitigation efforts, as Plaintiff's new job was not previously disclosed because he had not been hired and his wage statements did not exist while discovery was open. *Id.* ¶¶ 5-10. The parties attach the declaration of counsel for Defendant Christina Ricci, setting forth the same. (Doc. 19 at 5-6). The parties also attach purported excerpts of Plaintiff's deposition testimony. *Id.*, Exs. A, B.

**Discussion**

Following the Court's denial of their earlier stipulated request for additional time to conduct discovery, the parties stipulate anew to amend the scheduling order for different reasons in an attempt to establish good cause for a general extension of discovery deadlines. As summarized above, Defendant represents that Plaintiff failed to disclose any of his treating physicians in his initial disclosures (due September 30, 2025; *see* Doc. 8), and Defendant did not learn of his treating physicians until February 26, 2026, from Plaintiff's discovery responses. (Doc. 19 at 5 ¶ 3). Thus, Plaintiff did not disclose his treating physicians until approximately five months after the initial disclosure deadline and less than a week before the closure of non-expert discovery.

Strikingly absent from the parties' stipulation is any acknowledgement of the untimeliness of Plaintiff's reported disclosure of treating physicians or any proffer of justification or excuse by Plaintiff for his actions. Rather, the parties merely state that Defendant could not have made a reasoned decision on experts as Plaintiff's mental health treatment had not yet occurred, as he will begin treating with a mental health provider on the day non-expert discovery closes, March 4, 2026. Even crediting these representations, the parties offer no bases for extensions of discovery deadlines to accommodate Plaintiff's unexcused delay in complying with Rule 26.

Plaintiff has an "obligation under Rule 26(e) to supplement or correct its disclosure or

response … if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.  This is not a basis for adding new witnesses or introducing new evidence after discovery has closed …" *United States ex rel. Samandi v. Materials & Electrochemical Rsch. Corp.*, No. CV 05-124 TUC DCB, 2009 WL 10690273, at *9–10 (D. Ariz. July 14, 2009).  Under Rule 37(c), a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e)" may not "use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). "The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material....'" *Id*. (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)).

It appears from the parties' representations that Plaintiff did not supplement or correct his failure to disclose treating medical providers until he provided discovery responses approximately five months after initial Rule 26 disclosures were due.  Additionally, if credited, the purported deposition transcripts the parties attached to their joint stipulation provide that Plaintiff was referred to therapy by his physician approximately two months prior to the deposition, and he has been taking mental health medication for approximately three to four months prior as well.  (Doc. 19-2 at 217:4-13, 218:14-18).  The parties' representations suggest that Plaintiff was aware of these facts for a significant amount of time prior to the deposition but did not disclose them to Defendant.  *See Samandi*, 2009 WL 10690273, at *9 ("Most notably missing from the Defendants' assertions is any justification for the late disclosure. Instead, they seem to assert no error … Defendants' total disregard for the discovery deadline set by this Court is 'untenable' because it negates the Court's case management authority.").

Rather than moving to preclude this evidence or pursue evidentiary sanctions, Defendant instead has stipulated to extend generally the discovery deadlines.  Though under normal

circumstances such a decision might evidence a level of reasonable negotiation between the parties, in light of the representations in the parties' prior stipulation (regarding engaging in only "informal discovery"; Doc. 16 at 2) and the Court's subsequent denial of relief in the form of extension of discovery deadlines, the Court finds the parties' representations incredible, particularly in light of the entirely unjustified failure of Plaintiff to disclose highly relevant evidence for a significant length of time.

Thus, the Court will grant a limited extension of case management dates only for the purpose of permitting Defendant to conduct discovery as to Plaintiff's mental health treatment and new position of employment. The Court reminds the parties – again – that the dates set in the scheduling order are considered to be firm and shall be enforced. The Court will not tolerate any further attempts by the parties to seek to remedy their lackadaisical compliance with discovery deadlines through overbroad requests for relief.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The non-expert discovery deadline is extended to **6/1/2026** for the limited purpose of permitting Defendant to conduct discovery relating to Plaintiff's mental health treatment and new position of employment.

2. The expert discovery deadline is extended to **6/15/2026** for the limited purpose of permitting Defendant to conduct discovery relating to Plaintiff's mental health treatment and new position of employment. The existing expert discovery deadline remains **5/19/2026** for all other purposes.

3. Defendant may disclose experts related to issues regarding Plaintiff's mental health treatment and new position of employment no later than **6/1/2026**; Plaintiff may disclose rebuttal experts related only to the aforementioned issues no later than **6/12/2026**. The existing expert disclosure deadline of **3/18/2026** and existing rebuttal expert disclosure deadline of **4/17/2026** remains for all other purposes.

4. To accommodate these extensions, the remaining case management dates are extended in kind:

4

| Event | Current Date | Amended Date |
|---|---|---|
| Non-Dispositive Motion Filing Deadline | 05/04/2026 | **06/22/2026** |
| Non-Dispositive Motion Hearing Deadline | 06/08/2026 | **07/27/2026** |
| Dispositive Motion Filing Deadline | 06/22/2026 | **08/10/2026** |
| Dispositive Motion Hearing Deadline | 08/04/2026 | **09/21/2026** |
| Pre-Trial Conference | 10/05/2026 | **11/16/2026** |
| Trial | 12/01/2026 | **01/12/2027** |

IT IS SO ORDERED.

Dated:    **April 2, 2026**

UNITED STATES MAGISTRATE JUDGE